HONORABLE RICARDO A. MARTINEZ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HARRY THOMAS GINTER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a wholly-owned subsidiary of Burlington Northern Santa Fe Corporation, a Delaware corporation,<br><br>　　　　　　Defendant. | CASE NO. 2:13-cv-00224 RSM<br><br>PLAINTIFF'S MOTION AND MEMORANDUM TO EXTEND DISCOVERY DEADLINES<br><br>CALENDAR DATE: DEC 20, 2013<br><br>TRIAL DATE: MAY 4, 2014 |

## **INTRODUCTION**

Plaintiff moves the Court for short extensions of the rebuttal expert deadline, from December 6, 2013 to January 10, 2014, and of the discovery cutoff, from January 6, 2014 to February 10, 2014. This case is set for trial on May 4, 2014 and this short extension of discovery deadlines would not work a hardship on Defendant or the Court, and would serve the interests of full discovery and a fair trial. Plaintiff will be prejudiced if such extensions are not

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 1

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443

granted and Defendant refuses to stipulate to them.

## FACTUAL BACKGROUND

This case is ultimately fairly straightforward and simple. Plaintiff claims injury due to a defective railroad hand brake mechanism. On the day of the incident he provided a statement indicating the brake had been overly tightened and the brake release lever would not operate to release the brake. He injured himself exerting considerable force to release the brake. Plaintiff was alone at the time of his injury and there are no other direct eyewitnesses to the incident. Thornton Decl., π9.

Several discovery issues have arisen which the parties have not been able to reach an agreement on. One issue involves the scope of the medical records to be produced regarding Plaintiff's injury to his back which is the basis for this action. In a memorandum filed with the Court by Defendant on November 27, 2013, this issue was raised and defense counsel criticized Plaintiff's "unilateral alterations of medical records stipulations". This statement is factually inaccurate and misleading. Thornton Decl., π16.

Much of Plaintiff's counsel's practice involves the litigation of personal injury claims on behalf of plaintiffs, and he is often asked to stipulate to the production of their medical and other records. It has always been Plaintiff's counsel's practice to stipulate to the production of medical records, but not for the production of mental health, drug treatment, HIV or other particularly sensitive and private records (hereafter sensitive material) without a demonstrated showing of special need. Plaintiff's counsel discussed such position with defense counsel in this case and Plaintiff produced signed stipulations altered so the sensitive material was not included in the release. Defense counsel had trouble securing compliance with the stipulation

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 2

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443

from health care providers and Plaintiff accordingly stipulated to an order compelling the production of records. Thornton Decl., πs 17&18.

In this case Plaintiff is claiming generic physical and mental pain and suffering arising out of a disabling physical injury to his back.  It is Plaintiff's belief that he has a psychological privilege that is not automatically waived by the filing of a personal injury lawsuit.  Where a plaintiff is claiming only generic emotional and physical pain and suffering and is not calling a psychological expert to testify on his behalf, legal authority establishes that the plaintiff has not waived his psychological privilege.  Plaintiff has refused to produce his past psychological treatment records and is prepared to defend this position with the Court should defendant choose to bring a motion to compel.  Thornton Decl., π19.

Another discovery issue arose due to circumstances beyond Plaintiff's control and has, to a great part, already been resolved.  Early discovery in this case was delayed in large part due to a personal tragedy within the office of Plaintiff's attorney that occurred during the past summer.  Thornton Decl., π7.  Since September, the parties have been fully attentive to this case and have promptly proceeded with discovery.  Id.  However, the defense has erroneously represented that such is not true by alleging Plaintiff never previously sought extension of the trial related discovery deadlines and didn't comply with the expert report disclosure deadline.  Thornton Decl., πs 2-4.

Since the October 3, 2013 defense motion seeking to continue the trial date, the parties have exchanged their discovery responses and the plaintiff was deposed on November 8, 2013.  Defense counsel requested additional records and raised additional discovery issues after such deposition and plaintiff has fully responded to those additional requests.  Substantial additional

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 3

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443

records were supplied and plaintiff fully responded to all other inquiries from defense counsel. Defense counsel has also had the opportunity to have the Plaintiff examined by a medical doctor. Thornton Decl., π8.

Until Defendant's responses to interrogatories and requests for production were provided on November 6, 2013, Plaintiff did not have information on Defendant's post-accident testing of the equipment involved in this incident. Plaintiff learned for the first time, shortly after receiving those discovery responses on November 6th, that Defendant's supervisors were not able to locate the railroad car involved in this incident. The specific railroad car involved in this incident was never identified and no relevant post-accident equipment inspection has been or could now be done. Thornton Decl., π10.

Plaintiff timely served expert disclosures on November 6, 2013. At that point Plaintiff did not intend to call an expert witness on liability. Plaintiff felt he could make his case based on the testimony of the Plaintiff, who clearly stated the hand brake did not work as designed, thus constituting a per se violation of the Railroad Safety Appliance Act. Thornton Decl., π11.

Defendant, which had known the facts about post-accident inspection and testing in this case from the beginning, disclosed a liability expert, Foster Peterson. His report was provided with Defendant's initial expert disclosures on November 6, 2013. Thornton Decl., π12.

Plaintiff has retained Michael O'Brien as an expert witness to provide rebuttal testimony to Mr. Peterson. Because of Mr.O'Brien's other work commitments and his holiday schedule, he will not be able to produce his written report until early January. Thornton Decl., π13. Due to such, Plaintiff's counsel attempted to comply with the Court's November 13, 2013 order by seeking to get the defense to stipulate to extend the pretrial deadlines in this matter. However,

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 4

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443

despite Plaintiff's counsel's repeated efforts to get the defense to stipulate to such an extension, defense counsel refused and instead filed the November 27, 2013 memorandum containing the inaccuracies set forth above. Thornton Decl., π20. Plaintiff is therefore asking the Court for an extension of discovery deadlines in this case as follows:

- Rebuttal expert deadline from December 6, 2013 to January 10, 2014.
- Discovery cutoff from January 6, 2014 to February 10, 2014.

This case is set for trial on May 4, 2014. This short extension of discovery deadlines should not work a hardship to either side or the Court, and the extension will serve the interests of promoting full discovery and a fair trial.

## APPLICABLE LAW

The purpose of discovery under the rules of civil procedure is to provide a mechanism for making relevant information available to all litigants. See Fed.R.Civl.P. 26 advisory committee notes; *Lozano v. Maryland Cas. Co.*, 850 F.2d 1470, 1473 (11th Cir. 1988), cert. *denied*, 489 U.S. 1018 (1989). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). By affording parties a reasonable opportunity to discover information that is relevant to their action, the court rules seek to avoid surprise and the possible miscarriage of justice. *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988); *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993).

The trial court should not deny discovery where, in the totality of the circumstances, such decision would result in fundamental unfairness to a litigant. *Dabney v. Montgomery Ward & Co., Inc.*, 761 F.2d 494, 498 (8th Cir. 1985), cert. *denied*, 474, U.S. 904 (1985); *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977).

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 5

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443

The Federal Rules of Civil Procedure require a party to make its expert disclosure(s) "at the times and in the sequence that the court orders." Fed.R.Civ.Pro. 26(a)(2)(C). A party may request that the court adjust scheduling deadlines pursuant to Fed.R.Civ.Pro. 6(b), which states that "the court may, for good cause, extend the time" if "a request is made, before the original time . . . expires. . . ." Good cause exists for the short extensions sought here.

District courts have broad discretion in matters related to discovery. *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 183 (7th Cir. 1985). Plaintiff believes that this case presents one of those occasions where the denial of an extension of the discovery related deadlines would result in prejudice to the Plaintiff in fully presenting his case.

Thus, in the interest of justice, Plaintiff now asks the Court to briefly extend the above referenced discovery deadlines so that Plaintiff can obtain and produce Mr. O'Brien's report and Defendant can depose Mr. O'Brien or otherwise pursue its response to his report. The short extensions sought by Plaintiff would not disrupt the remaining pre-trial schedule as discovery would be completed three months before the trial.

## CONCLUSION

Plaintiff believes that a short extension to these discovery deadlines is necessary so that both parties have a fair and non-prejudicial chance at a fair trial and, therefore, asks the Court to grant this short extension of the rebuttal expert and the discovery cutoff deadlines.

Dated this 5th day of December, 2013.

By: /s/ Mark C. Mostul
George A. Thornton, WSBA 8198
Mark C. Mostul, WSBA #13257
Attorneys for Plaintiff

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 6

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443

## CERTIFICATE OF SERVICE

I, Stacy R. Ramsdell, certify under penalty of perjury under the laws of the State of Washington that on the 5th day of December, 2013, I caused to be served a true and accurate copy of the foregoing document upon the following persons via the means below stated:

**VIA ECF FILING, COPY FORWARDED BY COURT:**
Tom Montgomery, WSBA No. 19998
Teresa Bryan, WSBA No. 38588
1218 Third Avenue, Suite 2700
Seattle, WA 98101
**Attorneys for Defendant BNSF Railway Company**

DATED this 5th day of December, 2013.

By: _____
Stacy R. Ramsdell
Thornton Mostul, P.L.L.C.

PLAINTIFF'S MOTION AND MEMORANDUM TO
EXTEND DISCOVERY DEADLINES – PAGE 7

THORNTON MOSTUL, P.L.L.C.
1000 SECOND AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 621-0600 FACSIMILE: (206) 621-6443