|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE |
| HARRY THOMAS GINTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware Corporation,<br><br>　　　　　Defendant. | CASE NO. C13-00224-RSM<br><br>ORDER ON DISCOVERY<br>MOTIONS |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. # 22), Defendant BNSF Railway Company's ("BNSF") Motion to Compel Plaintiff to Sign HIPAA Compliant Release (Dkt. # 24), and its related Motion for Entry of an Order Directing Harborview Medical Center to Comply with Subpoena (Dkt. # 28), and a stipulated Motion to Allow Discovery Depositions after Discovery Deadlines (Dkt. # 38).

## II. DISCUSSION

**A. Plaintiff's Motion for Extension of Time**

Plaintiff seeks an extension of the discovery deadlines in this case. On November 13, 2013, the Court considered BNSF's prior motion to continue the trial date and determined that Plaintiff's general dilatory behavior in complying with discovery requests did not necessarily prejudice BNSF's ability to prepare for the May 5, 2014 trial date. *See* Dkt. # 19. The Court requested that the parties file a stipulated motion to extend the discovery deadlines. *Id.* BNSF then filed a "Memorandum" in response in which it stated that it would not agree to extend discovery deadlines absent a continuance of the trial date because "such an extension would serve only to reward plaintiff's dilatory tactics and failure to abide by the scheduling order." Dkt. # 21, p. 2. BNSF also renews its request to continue the trial until November 10, 2014.

Plaintiff filed the instant motion to extend the discovery deadlines, arguing that BNSF has misrepresented the nature of his behavior throughout discovery. Plaintiff seeks to extend the discovery cut-off deadline from January 6, 2014 to February 10, 2014, and to extend the deadline for disclosing rebuttal experts from December 6, 2013 to January 10, 2014.

"A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court agrees with both BNSF and Plaintiff that good cause exists to modify the scheduling order. Further, the Court agrees with BNSF that it is has shown good cause to continue the trial date to November 10, 2014. BNSF's primary argument for seeking to continue the trial date relates to a dispute over whether Plaintiff's psychiatric treatment history is relevant and discoverable. That issue is the subject of BNSF's motion to compel Plaintiff to sign a HIPAA compliant release for his medical records. As discussed below, the Court finds that based on Plaintiff's claims for emotional harm, Plaintiff has waived his right to assert privilege protection over his medical records. Because BNSF still has not had an

opportunity to review Plaintiff's medical records to prepare its defense, a continuance of the trial date and related deadlines is warranted. In addition, as the discovery deadline will be moved in accordance with the new trial date, the parties' stipulated motion to extend the time for taking discovery depositions (Dkt. # 38) is now moot, and is stricken. The Court will enter a new scheduling order within seven (7) days of this Order.

**B. BNSF's Motions to Compel**

1. Background

Plaintiff filed the Complaint against BNSF on February 8, 2013, alleging claims for personal injuries sustained while working as a BNSF employee. Dkt. # 1, ¶ 5.1. On May 20, 2013, BNSF sent Plaintiff a stipulation for obtaining medical records from nine health care providers. *See* Dkt. # 29, Bryan Decl. ¶ 2, Ex. A. On June 24, 2013, Plaintiff returned the medical records stipulation to BNSF. *See id.*, Bryan Decl. ¶ 3, Ex. B. BNSF contends that Plaintiff unilaterally changed the stipulation by limiting medical records to exclude, among other things, records relating to HIV/AIDS, STDs, drug and/or alcohol abuse, mental illness, or psychiatric treatment. *See id.*

BNSF objected to the alteration of the stipulated release. It states that "medical providers often balk at a release that requires them to cull the records to exclude medical records of a particular type, as it subjects them to liability for failure to properly do so." *See id.*, Bryan Decl. ¶ 4. BNSF asked Plaintiff to provide an unaltered stipulated release by July 8, 2013. *See id.* BNSF also offered to enter into a protective order with respect to any confidential information. *See id.* Plaintiff refused to comply, but assured BNSF that Plaintiff was not making claims related to HIV/AIDS, STDs, drug and/or alcohol abuse, mental illness or psychiatric treatment. *See id.*, Bryan Decl. ¶ 5.

BNSF served its discovery requests on Plaintiff on July 2, 2013. *See id.*, Bryan Decl. ¶ 9, Ex. F. Plaintiff responded to BNSF's discovery requests on September 30, 2013. *See id.*, Bryan Decl. ¶ 10, Ex. G. In response to Interrogatory No. 8, "Describe with specificity and detail each and every injury claimed in this lawsuit, whether physical, mental or psychological, and state the manner and circumstances by which each such injury occurred," Plaintiff responded:

> Plaintiff's pain and limitations on his abilities and activities cause him to experience mental and psychological stress, frustration, anxiety and depression.

*Id.* Plaintiff's interrogatory responses also revealed five new health care providers. *Id.*, Bryan Decl. ¶ 2, Ex. A and Bryan Decl. ¶ 10, Ex. G, pages 9-10. At Plaintiff's deposition, he testified that he had been treated for mental and psychological stress, frustration, anxiety and depression since 1993. *See id.*, Bryan Decl. ¶ 11, Ex. H at 155:16-19. Based on these responses, BNSF again requested a HIPAA compliant unaltered release for Plaintiff's mental health records. *See id.*, Bryan Decl. ¶ 13, Ex. J.

Plaintiff contends that he is not claiming damages for "any diagnosed psychological condition as a result of his physical injuries." Dkt. # 32, p. 1. Rather, he contends, he "simply claims that he suffered the usual and normal mental and psychological stress, frustration, anxiety and depression that are commonly experienced by most individuals . . . ." *Id.* at 2. He contends that he has not waived his right to psychotherapist-patient privilege over the contesting medical records by asserting "garden-variety" psychological claims. *Id.* However, BNSF believes that by claiming damages for depression and anxiety, Plaintiff has in fact placed his psychological state and medical history at issue in this case.

2. <u>Analysis</u>

Confidential communications made to a licensed psychiatrist or psychologist during the course of treatment are afforded privilege protection under Fed. R. Evid. 501. *Jaffee v. Redmond*,

518 U.S. 1, 15 (1996). However, the privilege may be waived when a plaintiff seeks certain emotional distress damages. *See Santelli v. Electro-Motive*, 188 F.R.D. 306, 308 (N.D. Ill. 1999). This is because "[f]or each item of damages, whether economic or non-economic, the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct." *Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999). If there is evidence to show that plaintiff's emotional distress may have been caused by something besides the workplace injury, fairness dictates that the employer should be permitted access to that evidence. *See id.* ("the employer is entitled to show that other factors contributed to the plaintiff's damage").

District courts have adopted different approaches to determine whether the patient has waived her psychotherapist-patient privilege. *Carrig v. Kellogg USA Inc.*, Case No. 12-837-RSM, 2013 WL 392715, at * 2 (W.D. Wash. Jan. 30, 2013) (collecting cases and describing alternative approaches). This Court has previously applied a "middle ground" approach to waiver and has found waiver when the plaintiff asserts more than "garden-variety" emotional distress. *See id.* at * 3.

Here, Plaintiff claims emotional distress damages for depression and anxiety. Medical records that have already been produced in the case show that Plaintiff likely has a lengthy clinical history of depression. *See* Dkt. # 25, Bryan Decl. ¶ 12, Ex. I at 9. Thus, Plaintiff seeks to prevent BNSF from accessing records that would allow it to defend against the claim that Plaintiff's mental anguish, which includes a damages claim for psychiatric disorders, was caused by the workplace injury. Ultimately, Plaintiff "has the choice to keep his communications with his therapist private by controlling the particular relief sought in the litigation." *Id.* at 569. Plaintiff could have potentially avoided the waiver issue by limiting his request for damages to general emotional harms like "humiliation, embarrassment, anger, and other similar emotions[.]"

1  *Carrig*, 2013 WL 392715 at * 2 (citing *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill.
2  1999). Plaintiff chose to pursue damages claims for anxiety and depression, which are not
3  "garden-variety" emotional distress claims. *See Santelli*, 188 F.R.D. at 309 ("A party cannot
4  inject his or her psychological treatment, conditions, or symptoms into a case and expect to be
5  able to prevent discovery of information relevant to those issues."). Accordingly, BNSF's motion
6  to compel shall be GRANTED. Plaintiff shall sign the HIPAA-compliant medical release within
7  seven (7) days of this Order. Because the Court has ordered Plaintiff to sign an unaltered HIPAA
8  compliant release, BNSF's request for a court order directing Harborview Medical Center to
9  comply with a subpoena (Dkt. # 28) is also GRANTED.

### III. CONCLUSION

The Court has considered the motions, the responses and replies thereto, and the balance of the file, and hereby finds and ORDERS:

(1) Plaintiff's Motion for an Extension of Time (Dkt. # 22) is GRANTED;

(2) Defendant's request to continue the trial date is GRANTED;

(3) Defendant's Motion to Compel (Dkt. # 24) is GRANTED;

(4) Plaintiff shall sign a HIPAA-compliant release for medical records within seven (7) days of this Order;

(5) Defendant's Motion for Entry of an Order Directing Harborview Medical Center to Comply with Subpoena (Dkt. # 28) is GRANTED;

(6) Harborview Medical Center is directed to comply with the BNSF subpoena;

(7) The parties' Stipulated Motion to Allow Discovery Depositions (Dkt. # 38) is

//

//

STRICKEN AS MOOT.

DATED this 24th day of January 2014.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE